**SIGNED.**

Dated: September 29, 2005

_____
**RANDOLPH J. HAINES
U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| DENNIE DEWAINE MEADOR aka RED MEADOR; RED'S PLACE, | ) ) | CASE NO. 0-04-00929-RJH |
| | ) | |
| Debtor. | ) | |
| | ) | |
| WILLIAM E. PIERCE, Chapter 7 Trustee, | ) | |
| Plaintiff, | ) ) | ADVERSARY NO. 05-00151 |
| v. | ) ) | MEMORANDUM DECISION RE |
| LOLA MEADOR, | ) ) | CROSS MOTIONS FOR SUMMARY JUDGMENT |
| Defendant. | ) ) | |

     The Chapter 7 Trustee, William E. Pierce ("Trustee") for the Debtor Dennie Dewaine Meador ("Debtor") filed this adversary proceeding against the Debtor's ex-wife, Lola Meador, seeking authority to sell jointly owned property pursuant to Bankruptcy Code § 363(h). The complaint alleges that the 1985 decree of divorce dissolving the marriage between the Debtor and Lola effectively gave them joint ownership of a house and real property in Kearns, Utah by virtue of the following language:

> That the house and real property located at 4666 West 5415 South, Kearns, Utah, is awarded to the Plaintiff [Lola Meador] as her sole and separate property, and that the Defendant [Debtor] is solely liable to keep current all mortgage payments thereon in the approximate amount of $350; further, that Defendant [Debtor] shall have the right to approve any offer of sale of the house and real property, and that in the event of the sale of the house and real property, each party is awarded one-half of any equity existing therein.

1    Lola Meador has moved for summary judgment, primarily based upon a January
2  2000 Quit Claim Deed that the Debtor executed in favor of Lola Meador purporting to "remise,
3  release and quitclaim" to her "all of the right, title, interest and claim" that the Debtor had "in
4  and to the following described parcel of land, and improvements and appurtenances thereon."
5  In addition, Lola Meador's motion relied upon an affidavit executed by the Debtor stating that it
6  was his intent that the Quit Claim Deed conveyed all interest in the property that he had been
7  awarded pursuant to the divorce decree, and that as of the time he filed the bankruptcy petition
8  he did not intend to claim any interest in the property.

9    To counter the Debtor's affidavit, the Trustee relies on testimony given by the
10 Debtor in a 2004 examination, which suggests that the only purpose of the Quit Claim Deed was
11 to permit Lola Meador to use the entire ownership interest in the house as collateral for loans.
12 In addition, the Trustee relies on subsequent subordination agreements signed by the Debtor,
13 which recite that the Debtor had an equitable lien on the property created by the divorce decree
14 to the extent of one-half of the equity interest in the home.

15    The Court finds and concludes that there is a fact dispute as to whether the intent
16 and effect of the Debtor's Quit Claim Deed was to waive any claim he may have had against
17 Lola Meador arising out of the divorce decree with respect to the home or any equity in it.
18 Consequently it is possible, when those facts are resolved, that the Trustee may have a
19 contingent claim against Lola Meador, but it is contingent upon her sale of the house. Because
20 the house has not been sold, the Trustee has no presently enforceable claim against Lola Meador
21 personally.

22    There is no fact dispute, however, that (1) the divorce decree did not grant the
23 Debtor any legal or equitable interest in the property itself, as distinguished from an interest in
24 the proceeds upon its sale, and (2) the Quit Claim Deed effectively divested the Debtor of any
25 legal or equitable interest in the real property that he might have had. Moreover, the divorce
26 decree never gave the Debtor a right to compel a sale of the residence, and certainly his Quit
27 Claim Deed to Lola Meador could not have given him any greater rights than he originally had
28 under the divorce decree, even if those rights had not been waived by the giving of the Quit

2

Claim Deed.

   IT IS THEREFORE ORDERED that Lola Meador is entitled to partial summary judgment as against the Trustee to the extent this adversary proceeding seeks an order authorizing or compelling the sale of the home.

   IT IS FURTHER ORDERED denying Lola Meador's motion for partial summary judgment to the extent that she sought an order to the effect that the Trustee has no claim against her on account of the Quit Claim Deed.

   IT IS FURTHER ORDERED denying the Trustee's motion for summary judgment.

   IT IS FURTHER ORDERED that because the Trustee's contingent claim against Lola Meador, if any, has not been resolved by this decision, this is not a final, appealable order.

   DATED AND SIGNED ABOVE

Copy of the foregoing faxed
this 29th day of September, 2005, to:

Allison M. Lauritson, Esq.
Lane & Nach
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Attorneys for Plaintiff
Fax: (602) 258-6003

Dean A. Stuart, Esq.
Gust Rosenfeld
201 East Washington, Suite 800
Phoenix, AZ 85004-2327
Fax: (602) 254-4878

 /s/ Pat Denk
Judicial Assistant